UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

Eastern District of Kentucky
FILED
JAN 10 2007
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-691-GWU

MICHAEL A. MCGREGOR,                                    PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

The Commissioner has filed a motion to alter or amend the Court's Judgment of November 30, 2006, arguing that: (1) a mistake of fact was made in the accompanying Memorandum Opinion, and (2) the Court erroneously concluded that the report from a state agency psychologist was inconsistent with the ALJ's hypothetical question.

On the first issue, it does not appear that the Court's statement that the ALJ did not mention or discuss the opinions of state agency reviewing psychologists was technically incorrect. The ALJ did include a general statement in his discussion, albeit oddly placed after his discussion of other evidence, his determination of the plaintiff's residual functional capacity, and his discussion of the vocational expert's testimony. He indicated that he had

> considered and generally accepts the medical opinion of the non-examining state agency psychologist as required by Social Security Ruling 96-6p and generally concurs in such assessment including that the claimant is

1

"moderately limited" insofar as detailed instructions and "not significantly limited" in terms of simple instructions. See Exhibit 11F[;] See also Exhibit 9F.

(Tr. 25). The restrictions are actually in Exhibit 10F (Tr. 362-4), but the ALJ did indeed mention their existence, if only in passing.

However, even this discussion touched only on the plaintiff's ability to understand instructions, and nothing was said of the state agency experts' belief that Mr. McGregor would be moderately limited in other areas. Thus, the discussion does not fulfill the requirements of either 20 C.F.R. Section 404.1527(f)(1)(i), as discussed in the Memorandum Opinion, or of Social Security Ruling 96-6p, as mentioned in the ALJ's decision. Limitations on working in coordination with, or proximity to, others listed by the state agency sources, were not presented to the VE, and no explanation for failing to do so was apparent in the ALJ's decision.

The motion to alter or amend will be denied insofar as any change on the Order and Judgment of November 30, 2006 is requested, and will be granted only in so far as it pertains to the Memorandum Opinion.

This the ____10____ day of January, 2007.

_____
G. WIX UNTHANK
SENIOR JUDGE